UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ROBERTO DEJESUS 12A0084,
                    Plaintiff,



                    V.                                    **COMPLAINT**
                                                         Jury Trial Demand

CAPTAIN CHUTNEY,
DONALD VENETTOZZI,                              17 CV 982 W

                    Defendants.
-------------------------------------------------X

### JURISDICTION AND VENUE

1. This is a Civil Rights Action seeking and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth Amendment of the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1343, and 2201.

2. Venue properly lies in this District pursuant to 28 U.S.C. Section 1391(b), because the events giving rise to this cause of action occurred at Attica Correctional Facility in Attica, New York, which is located within the Western District of New York.

### PARTIES TO THIS ACTION

#### -PLAINTIFF-

3. Plaintiff Roberto Dejesus # 12A0084 is a prisoner confined in Attica Correctional Facility, located at 639 Exchange Street, Attica, New York 14011.

4. Plaintiff Roberto Dejesus is, and was at all times mentioned herein, a citizen of the United States and resident of the state of New York.

-DEFENDANTS-

5. Defendant Chuttey is employed as Deputy of Security at the Auburn Correctional Facility. He is and was at all relevant times an employee of the prison.

6. Defendant Venettozzi is employed as Acting Director of Special Housing Unit inmate disciplinary program. He is responsible for all administrative appeals of all correctional facilities.

**PREVIOUS LAWSUITS FILED BY PLAINTIFF**

7. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff has exhausted his administrative remedies by appealing his claim.

**STATEMENT OF CLAIM**

9. At all relevant times herein, defendants were " persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

**STATEMENT OF FACTS**

10. On February 1, 2015, the Plaintiff was an offender at Auburn Correctional Facility in Cayuga County, New York. As a result of an incident on February 1st, 2015, Plaintiff was, after an investigation on February 11th, 2015, charged with violating the following prison disciplinary rules:

110.10 Assault; 100.13 Fighting; 104.11 Violent Conduct; 104.13 Creating a Disturbance; 113.10 Weapon.

11. The misbehavior report (MR) describes the incident giving rise to the above charges as follows: on February 1, 2015, based on an ongoing investigation through several reliable confidential sources and interviews, you were positively identified as the perpetrator of serious assault on another inmate. The assault took place at the gym door entrance. The inmate was stabbed from behind while waiting to gain entrance into the gym and medical determined that the weapon was a stabbing type weapon that was not recovered. At this point you were observed by confidential sources throwing the weapon and running from the area.

12. Upon information and belief, the plaintiff alleges that the (MR) is entirely defective as it does not describe with sufficient particularity the individual involved in the incident as required by the regulations. When these details are not available, the notice should explain that the information is unknown. (See Exhibit A-Misbehavior report dated Feb. 1, 2015).

13. The description in the report is controverted and contradicted by a report written by Sgt. Rogofsky indicating that the incident was not witnessed, was not on video tape, and the victim Mr. Ramsey #91B2334 did not identify the plaintiff as his assailant (See exhibits - To/From memo by Sgt. Rogosky and Exhibit C- Unusual Incident report).

14. In the MR there is no mention or description of a fight or disturbance. However, two charges of such were added to the report to simply bolster the charges against the plaintiff even though such charges are unsubstantiated by the facts of the incident rendering the report inadequate to provide notice of the charges.

15. The MR contains no description of or identity of any inmate that plaintiff was allegedly

3

involved in a fight with, the plaintiff possessed no injuries that would be consistent with a fight or physical altercation (See Exhibit A).

16. Upon information and belief, the report gives only a theorized description of what the investigators believed to have occurred after piecing a story together leaving no factual specificity to permit the hearing officer to independently assess the facts.

17. Upon information and belief, the confidential source in this matter is not confidential but a known adversary of the plaintiff with an established motive to frame the plaintiff that was not investigated by the hearing officer.

18. On February 5, 2015, an inmate that locked in C-14-32 cell at ACF named Mooney # 06A3386, also witnessed who refused to testify stated to Sgt. Graf, the supervisor at that time in C-Block that the plaintiff whom at that time locked in C-14-18 cell took his personal radio out his cell and also told Sgt. Graf that the plaintiff assaulted Mr. Ramsey #91B2334 who at that time locked in C-14-36 cell at the gym door entrance on February 1, 2015.

19. As a result of the contrived information provided by inmate [Mooney], Sgt. Graf authorized three (3) officers to search the Plaintiff cell which uncovered no radio, weapon, or evidence linking Plaintiff to either incident after Mr. Mooney's failed attempt to have the plaintiff removed from the cell block due to a personal vendetta, he requested to be placed in protective custody (PC) which entry is only authorized by either claiming to be under threat of danger or by providing information to the facility administration. Mr. Mooney was the, moved to A-block then to E-block where (PC) is housed.

20. On February 6, 2015, the Plaintiff was placed under 72 hour investigation keeplock status and on February 9, 2015, after 72 hours, no report of wrong doing as issued to the Plaintiff.

21. On February 10, 2015, Sgt. Graf came with two officers to escort the plaintiff to special housing unit (SHU) due to a misbehavior report which alleged that Plaintiff assaulted Mr. Ramsey # 91B2334.

22. On February 11, 2015, the Plaintiff was served with the misbehavior report based on the alleged confidential information provided obviously by Mr. Mooney. However, during the hearing, all of the confidential information was entered into the record via off the record testimony of Correction Officer (CO) M. Gould.

23. The hearing officer (HO) defendant Captain Chutty relied on the hearing confidential information to find the Plaintiff guilty and made no mention in the record that he would be considering such confidential information and why it would remain confidential (See Exhibit - D Disposition).

24. Defendant Captain Chutty did not interview the actual confidential source directly in person or over the phone, rendering the testimony of C.O. Gould concerning the confidential information as third party hearsay which was in itself, insufficiently detailed to allow an independent assessment of the confidential information received and the record is devoid of any such assessment to gauge the reliability or credibility of the information.

25.  A review of the testimony given by C.O. Kirk and the law library officer V on February 26, 2015 indicates that it was physically impossible for the Plaintiff to have committed the assault. As the incident occurred at approximately 1:45 p.m., the confidential source stated that he observed the Plaintiff commit the assault and run away from the area tossing the weapon. However, C.O. V , the law library officer, stated in his testimony that he saw the Plaintiff in the law library after the shift change at 2:00 pm.

26. The entrance to both the gym door and the law library, are in two opposite directions. Therefore, the Plaintiff could not have ran one direction, tossed the weapon and then be spotted on the other side in the library. The entire area is a controlled location under video surveillance, the video of the area shows no incident and no weapon was recovered in the area where the informant said it was tossed. (See Exhibit B).

27. The information provided by the alleged informant is contradicted by the officer's on post in the area of assault testimony. If the assault occurred at the gym door entrance as written on the MR then the officer "Kirkwood" would have witnessed it as that was his area to observe, the inmates waiting on line for entry inti the gym and library.

28. After the assault at approximately 1:50 p.m., the entire area was frozen for a search of the area , and all inmates in that area was searched. The lock down prevented entry or exit from the area of the assault and the Plaintiff was in the library and not in any other area of the facility as the informant alleges.

29. Officer Corkwood testified that it was his duty to monitor the gym door entrance by standing inside looking out the line coming in. When the plaintiff asked officer Corkwood did he see Plaintiff fighting or involved in any violent conduct, assault, etc., Officer Corkwood stated "no'. See Exhibit E- Testimony of Corkwood).

30. When the Plaintiff asked officer Corkwood would it be noticeable for him being at the gym door entrance post to see two inmates fighting? Officer Corkwood said "yes".

31. A review of page of the requested documents list and witness questions submitted to the tier assistant indicates that the Plaintiff was in fact inside the library already at the time of the assault and took out the book titled: "OSOBO Speaking to the Spirit of Misfortune". This is consistent with

the law library officer testimony that he observed the Plaintiff inside the general library on the day of the incident in that approximate time frame. Clearly, the informant identified the wrong man because one person cannot be at two places at one time (See Exhibit G).

32. The hearing officer disregarded these factual inconsistencies in the informants information provided to the investigating officer, illustrating partiality on his behalf in the face of testimony from officers posted in the area who did not see the Plaintiff involved in any incident.

33. Upon information and belief, on February 12, 2015 at 1:30 p.m., the Plaintiff was provided with an inmate assistance C.O. Stanton, and requested specific documents and requested four potential inmate witnesses to assist with Plaintiff's defense. (See Exhibit G-Assistance Form). Two Witnesses agreed to testify on the Plaintiffs behalf and inmates Mooney #06A3386 and the victim Ramsey #91B2334 both refused to testify and gave no reason why they refused to testify on Plaintiffs behalf.

34. On February 18, 2015, the plaintiffs disciplinary hearing commenced and Plaintiff reasserted his initial request to call both the victim Mr. Ramsey and Mr. Mooney as witnesses on his behalf and stressed to the hearing officer the value and relevance of their testimony. The H.O. replied stating: "they refused and cannot force them to testify." The Plaintiff then noted his objection on the record.

35. The plaintiff then requested the two witnesses again but this time he specifically asked the H.O. defendant Chutty : "Captain, would it be possible that the two inmates I requested as witnesses *** be questioned by you because as you know these witnesses support my position in the subject matter of the misbehavior report."

36. The H.O. denied the request and failed to probe why the witnesses refused and failed to

provide the Plaintiff with a witness denial form/witness refusal form as required by the regulations. However, witness interview notices were provided for all the other witnesses even though the form itself states that in the event of a denial a witness refusal form must be provided (See Exhibit - I witness interview notice).

37. At the conclusion of March 26, 2015, the H.O. found the Plaintiff guilty on all charges and a penalty of seven hundred and thirty days confinement as well as loss of privileges. And three hundred and sixty-five days recommended loss of good time (See Exhibit J- hearing disposition sheet rendered dated March 26, 2015).

38. Though no evidence whatsoever was offered to substantiate that the Plaintiff actually committed the assault. The only evidence specifically linking the Plaintiff to the incident was insufficiently detailed hearsay entered into the record by a third party whom had no actual direct knowledge of the facts and the H.O. assessed the informant's reliability and credibility solely through the testimony of the investigating officer with no direct contact with the direct contact with the informant or the confidential sources to allow him to make an independent assessment of the information received. Plaintiff remained in S.H.U. for a total of eighteen months from February 6, 2015 until August 23, 2016 and released from the three hundred seventy days penalty imposed due to good behavior.

39. Plaintiff did a pro-se administrative appeal which was filed on April 4, 2015 appealing the defendant Donald Venettozzi who is the Acting Director of Special Housing Unit Inmate Disciplinary Program, citing reversal grounds so that the defendant could correct and cure the illegal acts, but the defendant failed to fix the problem.

40. By notice dated June 11, 2015, Plaintiff was notified that the Tier III hearing was

reviewed and affirmed on June 11, 2015 by the defendant Donald Venettozzi (See Exhibit I-review of Superintendent's hearing.

41. Plaintiff commenced an Article 78 proceeding on July 17, 2015 and it appearing from the pleadings that a question of substantial evidence has been raised requiring transfer of the proceeding to the Appellate Division Third Department, per order from the Third Department dated December 15, 2016, the Superintendent's hearing was reversed and remitted for a new hearing (See Exhibit -K Decision by Appellate Division).

42. At the Plaintiff's rehearing it was determined that there was not sufficient factual or substantial evidence to warrant a finding of guilty of the charges. It is well settled that a written misbehavior report by itself can constitute substantial evidence of an inmates misconduct, therefore as all issues of credibility are for a hearing officer to determine. H.O. found that the misbehavior report on its face was insufficient to warrant a finding of guilt against the Plaintiff and dismissed all the charges against the Plaintiff.

## LEGAL CLAIMS

43. Plaintiff realleges and incorporates by reference paragraph 1 through 43.

44. FIRST CLAIM: On March 26, 2015, defendant Captain Chutty violated Plaintiff's Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution require that an inmate be permitted to call witnesses in his defense provided that doing so will not be unduly hazardous to institutional safety or correctional goals. The Fourteenth Amendment to the Constitution provides that no state shall ... deprive any person of life, liberty, or property without due process of law. U.S. Const. Amend. XVI, § 1. Although prison inmates necessarily have their liberty severely curtailed while incarcerated they nonetheless entitled to certain procedural protection when

9

disciplinary actions subject them to further liberty deprivations such as loss of good time credit or special confinement that imposes an atypical hardship.

45. Defendant confined Plaintiff and unlawfully deprived Plaintiff of his liberty and freedoms he would have otherwise enjoyed had not it been for the defendants violation of Plaintiff's rights.

46. The confinement was unconstitutional and also infringed upon the rights of Plaintiff and it amounted to cruel and unusual punishment, violating the Plaintiff Eighth and Fourteenth Amendment due process rights.

47. Defendant's wrongful confinement was very unlawful and intended to restrict Plaintiff person from otherwise privileges enjoyed by all other inmates which include commissary, phone, school, programs, and activities associated to cruel and unusual punishment (unduly hardship) in violation of the Eighth Amendment of the United States Constitution. The rights to due process of law ( the equal protection clause) protected by the Fourteenth Amendment of the United States Constitution.

48. Defendant(s) have deprived Plaintiff of his civil , constitutional, and statutory right and have conspired to deprive Plaintiff of such rights under 42 U.S.C. § § 1983 and 1985 and New York State Constitution.

## SECOND CLAIM

49. Plaintiff realleges and incorporates by reference paragraph 43 through 49.

50. Defendant, Donald Venettozzi participated directly in the constitutional violation when Plaintiff appealed the defendant Captain Chutty ruling to Defendant Venettozzi, Director of Special Housing, citing reversible grounds so that the defendant could correct and cure the illegal acts, but the defendant Venettozzi failed to fix he problem.

51. Defendant Venettozzi violated due clause of the Fourteenth Amendment of the United States Constitution when Plaintiff was deprived of liberty within the meaning of wrongfully confine to special housing unit for eighteen months.

52. Defendants of the state of New York it's agents, servants, officers and officials acting under the color of state law in the scope and furtherance of their employment.

53. Plaintiff Roberto Dejesus has no plain, adequate, of complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting Plaintiff.

54. A declaration that the acts and omissions described herein violated Plaintiff Due Process rights of the Fifth and Fourteenth Amendments of the United States Constitution.

55. Compensatory damages in the amount of $150.00 dollars  for each day Plaintiff spent wrongfully confined to special housing for the past eighteen months against each defendants.

56. Punitive damages in the amount of $100.00 against each defendant.

57. A jury trial on all issues triable by jury.

58. Plaintiff's costs in preparing and filing this suit.

59. Any additional relief this court deems just, proper, and equitable.

Date: _Sept. 19th_ ,2017.

Respectfully Submitted,

_Robert Dejesus_
Robert Dejesus

11

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _Sept. 19th_____,2017.

Roberto Dejesus.

AUBURN Correctional Facility

# INMATE MISBEHAVIOR REPORT ◆ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ◆ NOVMBRE DEL RECLUSO (Apellido, Nombre) | NO. ◆ NUM. | HOUSING LOCATION ◆ CELDA |
|---|---|---|
| Dejesus, Roberto | 12A0084 | C-14-18 |

| 2. LOCATION OF INCIDENT  ◆ LUGAR DEL INCIDENTE | INCIDENT DATE ◆ FECHA | INCIDENT TIME ◆ HORA |
|---|---|---|
| Gym Door entrance | 2/1/15 | Approx.1:45pm |

**3. RULE VIOLATION(S)  ◆ VIOLACIONES**

100.10 assault on inmate,113.10 weapon, 104.11 Violent conduct, 104.13 creating a disturbance, 100.13 fighting

**4. DESCRIPTION OF INCIDENT  ◆ DESCRIPCION DEL INCIDENTE**

Based on an ongoing investigation through several reliable confidential sources and interviews you were positively identified as the perpetrator of a serious assault on another inmate. Tha assault took place at the gym door entrance. The inmate was stabbed from behind while waiting to gain entrance into the gym and medical determined that the weapon was a stabbing type weapon that was not recovered. At this point you were observed by confidential sources throwing the weapon and running from the area.

| REPORT DATE ◆FECHA | REPORTED BY ◆NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ◆ FIRMA | TITLE ◆TITULO |
|---|---|---|---|
| 2-10-15 | M. Gould | | C.O. |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES(if any)**  SIGNATURES:
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)  FIRMAS  1.

2.  3.

NOTE: Fold back page 2 on dotted line before completing below.

6. WERE OTHER INMATES INVOLVED?  YES ☒  NO ☐  IF YES, GIVE NAME & #

*Confidential*

7. AT THE TIME OF THE INCIDENT, WAS INMATE UNDER PRIOR CONFINEMENT/RESTRICTION?  YES ☐  NO ☒  OR

AS A RESULT OF THIS INCIDENT, WAS INMATE CONFINED/RESTRICTED?  YES ☒  NO ☐

8. WAS INMATE MOVED TO ANOTHER HOUSING UNIT?  YES ☒  NO ☒

IF YES, (a) CURRENT HOUSING UNIT  SHU-D  (b) AUTHORIZED BY  Lt. T Abate

9. WAS PHYSICAL FORCE USED?  YES ☐  NO ☒  (IF YES, FILE FORM 2104)

AREA SUPERVISOR ENDORSEMENT

Dist:  WHITE - Disciplinary Office  CANARY - Inmate(After review)

B

PAGE   1                       STATE OF NEW YORK              PRINTED AT
            DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION    02/11/15  10:01 AM
                           UNUSUAL INCIDENT REPORT


AUBURN GENERAL                 FAC CODE 010     FAC LOG# 150035    CCC# 240490


INCIDENT DATE   02/01/15  TIME 01:45 PM  LOCATION   YARD          MAIN YARD

TELEPHONE DATE  02/01/15  TIME 05:31 PM

      PERSON CALLING      LT    T.QUINN
      PERSON RECEIVING    CAPT  MICHAEL SPINA

REPORT DATE     02/09/15    PERSON REPORTING LT     T. QUINN

      USE OF FORCE  NO    WEAPON USED  YES    WORKPLACE VIOLENCE  NO

*******************************************************************************

ASSAULT                   (02) 01
  ON INMATE

*******************************************************************************

DESCRIPTION:

  INMATE RAMSEY 91B2334 C-14-36 REPORTED TO CO.SLAYTON AT THE WIRE GATE
  THAT HE HAD BEEN CUT.CO.SLAYTON OBSERVED A PUNCTURE TYPE WOUND RIGHT SIDE
  OF THE FACE.SGT.ROGOFSKY NOTIFIED.INMATE ESCORTED TO FIRST AID FOR
  TREATMENT.INMATE STATED THAT HE WAS CUT AT THE GYM ENTRANCE.


*******************************************************************************

EVENTS CAUSING:

  INMATE RAMSEY 91B2334 REPORTED TO CO SLAYTON AT THE WIRE GATE THAT HE HAD
  BEEN CUT AT THE GYM ENTRANCE.


*******************************************************************************

ACTION TAKEN:

  INMATE WAS TREATED FOR A 1" FULL THICKNESS LACERATION RIGHT CHEEK,
  1" PUNCTUREON LEFT SIDE ROOF OF THE MOUTH.INMATE TRANSPORTED TO AUBURN
  HOSPITAL VIA STATE VAN FOR FURTHER TREATMENT.AREA OF THE INCIDENT FRISKED,
  NCF.INMATE'S CELL FRISKED PER SGT.ROGOFSKY,NCF.INVOLUNTARY PROTECTIVE
  CUSTODY RECOMMENDATION FILED.INMATE TO BE HOUSED IN THE FACILITY HOSPITAL
  UPON RETURN TO THE FACILITY.ALL REPORTS FILED.OD STWD.FESTA NOTIFIED.

```
PAGE    2                   STATE OF NEW YORK              PRINTED AT
          DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION    02/11/15  10:01 AM
                         UNUSUAL INCIDENT REPORT
```

AUBURN GENERAL           FAC CODE 010    FAC LOG# 150035    CCC# 240490

INCIDENT DATE   02/01/15  TIME 01:45 PM  LOCATION  YARD       MAIN YARD

    USE OF FORCE  NO     WEAPON USED  YES     WORKPLACE VIOLENCE  NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ACTION TAKEN:                        (CONTINUED)
  INMATE INJURIES ARE CONSISTENT WITH A STABBING TYPE WEAPON.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEDICAL REPORT:

  1" FULL THICKNESS LACERATION RIGHT CHEEK. 1" LAC LEFT SIDE ROOF OF MOUTH.
  ADDENDUM 2/1/15 @ 8:00PM: PER ER, LAC THROUGH RIGHT CHEEK, THROUGH GUM,
  TONGUE UPPER LEFT HARD AND SOFT PALATE.

   E. SMITH _____ /NURSE _____    02/01/15  01:45 PM
          EXAMINER NAME/TITLE                         EXAM DATE/TIME

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROPERTY DAMAGE:

  N/A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTIFICATION (FAMILY):

  N/A

NOTIFICATION (POLICE/OTHER):

  N/A

```
PAGE   3                 STATE OF NEW YORK              PRINTED AT
         DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION   02/11/15  10:01 AM
                     UNUSUAL INCIDENT REPORT


 AUBURN GENERAL            FAC CODE 010    FAC LOG# 150035    CCC# 240490


 INCIDENT DATE   02/01/15  TIME 01:45 PM  LOCATION  YARD        MAIN YARD

     USE OF FORCE  NO     WEAPON USED  YES    WORKPLACE VIOLENCE  NO

 ************************************************************************

 ************************************************************************
                          INMATE INFORMATION:
 ************************************************************************

 RAMSEY, MICHAEL                    91B2334   DOB 05/27/1965 ETHNIC- BLACK

   GEN INCIDENT - SPECIFIC INCIDENT   ROLE   WEAPON      FORCE       INJURY
   ASSAULT     - ON INMATE            VICTIM UNR/STABNG               PUNCTURE



 ************************************************************************
                         EMPLOYEE INFORMATION:
 ************************************************************************

 ROGOFSKY, CHRISTOPHER J      SGT

   GEN INCIDENT - SPECIFIC INCIDENT     FORCE        INJURY       DEGREE
   ASSAULT     - ON INMATE
 ************************************************************************

 SLAYTON, KEVIN R             CO

   GEN INCIDENT - SPECIFIC INCIDENT     FORCE        INJURY       DEGREE
   ASSAULT     - ON INMATE


 ************************************************************************


   DS1 GRAFTON ROBINSON_____        02/11/15
   ACTING SUPERINTENDENT                            DATE
```

**EXHIBIT  C**

State of New York-Department of Correctional Services
Auburn Correctional Facility
Inter-Departmental Communication

To: Lt. Quinn
From: Sgt. Rogofsky
Subject: Ramsey, Michael 91B2334 (C-14-36) U.I.15-0035
Date: 2/1/15

Sir,

On the above date at approximately 1:45 P.M. we had just completed running afternoon recreation. Inmate Ramsey, M. 91B2334 (C-14-36) reported to the wire gate Officer Slayton, K. that he had been "cut." Officer Slayton observed blood on the face of Ramsey and he was also spitting up blood. I responded to the area with Officer Tanner and we escorted Inmate Ramsey to first aid without incident. Inmate Ramsey was seen by R.N. Smith and treated for a one inch full thickness laceration to his right cheek. Inmate Ramsey was sent to Auburn Community Hospital via state van for further treatment.

Inmate Ramsey submitted a urine sample and his cell was frisked with no contraband found. A Involuntary Protective Custody Request was submitted and all other pertinent paperwork has been completed.

The incident was not witnessed. I interviewed Inmate Ramsey and he stated he was at the gym entrance waiting to enter when he was cut by an unidentified Inmate. The area of the incident was frisked with no contraband recovered. I checked with A-Roof post and nothing was seen on video.

Respectfully,

C. Rozofy SGT.

C. Rogofsky Sgt.



**EXHIBIT D**

02/11/15 ... ATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SER ... ES  PAGE  3
DCP004                     SUPERINTENDENT  HEARING DISPOSITION RENDERED

DIN: 12A0084 NAME: DEJESUS, ROBERTO                    HEARING DATE: 3/26/15

A. STATEMENT OF EVIDENCE RELIED UPON:
-----------------------------------                  misbehavior reports written by

C.O. Cronk and C.O. Knight. The testimony of Co Cronk,
Co T. McCarthy, Co Farmer, Co Brady, Co Wright, Co Vanderwerker,
Co Lamphey, Co Knight, Co Bishop, Co Kirkwood, Sgt Cook,
I/m's McEwen 09A3372, Bazon 09A1331. The supporting
documentation regarding UI# 240490. The memo written by Sgt
Rogalsky, the area supervisor. Conclusion of RN Smith regarding
injury to I/m Ramsey 91B2334. Medical Doc's. Confidential information
supplied by interview with Co Cronk. Inmates admission of

B. REASONS FOR DISPOSITION:
-----------------------------                guilt to charge 104.10 Threat and Second report.
I impress upon this inmate that he
must not engage in assaultive or violent behavior. This was a
serious injury causing permanent disfigurement to inmate Ramsey 91B2334
while the incident was not witnessed by staff. Confidential
Testimony was reliable and probable establishing sufficient
evidence to properly identify inmate DeJesus 12A0084 as his assailant.
This behavior will not be tolerated. This inmate has a prior
discipline history of similar charges and continues to use

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS


D. SUPPLEMENTAL DATA ENTRY:
----------------------------

   1. WAS INMATE FOUND GUILTY OF ASSAULT? (100.10, 100.11, OR 100.12)  YES X NO __

   FOR THE FOLLOWING, USE CODES FROM UI REPORTING SYSTEM (DIR. #4004):

   2. DID INMATE USE A WEAPON? YES X NO __    IF YES, TYPE USED  unrecovered 98

   3. DID INMATE CAUSE INJURY? YES X NO __    IF YES, DEGREE CODE  Serious 03

Violence to further his objectives. This inmate must be confined
to SHU for the protection of staff and inmates as well as
to ensure the safe operations of the facility.

$\mathcal{E}$

HEARING OFFICER:          Alright.  Well, there's nothing in the log

                         book.  I' I don't know.  I don't know what

                         else to tell ya.

INMATE DEJESUS:          Don't worry about it.

HEARING OFFICER:          Alright?

INMATE DEJESUS:          Let's move on.

HEARING OFFICER:          Um, (on the phone)

                         Hey, this is Captain Chuttey.  Have you got

                         Officer Kirkwood around there?

                         Gym door. (INAUDIBLE) Alright.  That's

                         where he's at?  Okay.  Thank you.

                         Hey, Officer Kirkwood, Captain Chuttey,

                         how are you doing.  Hey, gotta put you on

                         tape to get your testimony from ya.

                         Alright?  Officer Kirkwood, can you hear me

                         okay?

 OFFICER KIRKWOOD:          Yes.

HEARING OFFICER:          You're on speaker phone.  The tape

                         recorder is on.  Inmate DeJesus is in the

                         room.  Do you have a minute to give some

                         testimony?

OFFICER KIRKWOOD:          Uh, yeah.

| | |
|---|---|
| HEARING OFFICER: | Okay.  You've been called....can you state your name and your title for the record, please? |
| OFFICER KIRKWOOD: | Officer Kirkwood |
| HEARING OFFICER: | Officer Kirkwood? |
| OFFICER KIRKWOOD: | Yes |
| HEARING OFFICER: | Okay.  You been called by inmate DeJesus, uh, we're conducting a Tier III Hearing.  Back on the 10th of February, he received a misbehavior report written up by Officer Gould and charge with assault, weapon, violent conduct, creating disturbances, fighting.  Um, inmate Dejesus has requested that you testify.  You might be able to answer some questions for him.  Go ahead and ask your first question of the Officer. |
| INMATE DEJESUS: | When you working on February 1st, 2015? |
| HEARING OFFICER: | Were you working February 1st, 2015? |
| OFFICER KIRKWOOD: | I don't know.  I'll have to check. |
| HEARING OFFICER: | Will you take a quick peak and check? |
| OFFICER KIRKWOOD: | February 1st, 2015? |
| HEARING OFFICER: | Yep |

77

| | |
|---|---|
| OFFICER KIRKWOOD: | No |
| HEARING OFFICER: | You were off? |
| OFFICER KIRKWOOD: | Yeah. |
| HEARING OFFICER: | Okay.  He was off February 1st, 2015. |
| OFFICER KIRKWOOD: | That was a Sunday?  Yeah, I was working. |
| HEARING OFFICER; | You were working. |
| OFFICER KIRKWOOD: | Yeah. |
| HEARING OFFICER: | Okay.  You were working February 1st? |
| OFFICER KIRKWOOD: | Yeah |
| HEARING OFFICER: | Correction.  He was working February 1st. |
| INMATE DEJESUS: | He was working at the gym,,, at the gym door... |
| HEARING OFFICER: | Do you remember where you, what post you were covering on the day? |
| OFFICER KIRKWOOD: | At what time? |
| HEARING OFFICER: | What time? |
| INMATE DEJESUS: | About approximately 1:45. |
| HEARING OFFICER: | 1:45 p.m. |
| OFFICER KIRKWOOD: | I was at the door. |
| HEARING OFFICER; | Where's that |
| OFFICER KIRKWOOD: | Gym door. |
| HEARING OFFICER: | You would have been at the gym door.  Okay.  Next question. |

INMATE DEJESUS:          Um, can you tell me what would be the duty

                         working at the gym door entry post?

HEARING OFFICER:         What are you looking for specifically?

INMATE DEJESUS:          You know, what he, what he suppose to do

                         at the gym door.  Uh...

HEARING OFFICER:         What are you looking for?  (INAUDIBLE)

                         What you looking for him?

OFFICER KIRKWOOD:        What do I look for...

HEARING OFFICER:         No, no, no.. stand (INAUDIBLE) Officer.  I'll

                         get with you in a minute.

INMATE DEJESUS:          Because, if he was at the gym door duty,

                         uh, uh, on the door that day, he could of

                         seen...

HEARING OFFICER:         Okay.  Ask him that?  How about we ask

                         him that.

INMATE DEJESUS:          Um, did you see, did you witness, uh, a

                         inmate being assaulted on the gym door

                         entry post?

HEARING OFFICER:         Did you see an inmate, on that date,

                         February 1st, 2015, approximately 1:45, uh,

                         assaulted or know of one being assaulted

                         or be part of an incident?

OFFICER KIRKWOOD:        No

INMATE DEJESUS:      Would you say it would be noticeable if you seen at the gym door entry post, two inmates engaged on fighting or an inmate assaulting another inmate?

HEARING OFFICER:     If it was outside of the gym door, right?

INMATE DEJESUS:      Right

HEARING OFFICER:     Alright.  Outside of the gym door if an incident occurred there, would that be something that you would be able to observe or see?

OFFICER KIRKWOOD:    If it was directly in front of the door, possibly.

HEARING OFFICER:     Yeah

OFFICER KIRKWOOD:    (INAUDIBLE)

HEARING OFFICER:     Where, what's your post like, where, describe your post.

OFFICER KIRKWOOD:    I stand inside the door.  (INAUDIBLE) Looking outside the door.

HEARING OFFICER:     Are there windows where you can outside?

OFFICER KIRKWOOD:    Yeah

HEARING OFFICER:     So, if you looked out a window you could see something, right?

OFFICER KIRKWOOD:    Yeah, if I looked out a window I...

80

| | |
|---|---|
| HEARING OFFICER: | Alright.  So, only if you looked out the window he'd see something. |
| INMATE DEJESUS: | Uh, huh |
| HEARING OFFICER: | His advantage point.  Next question. |
| INMATE DEJESUS: | Um, did you see, did you see me fighting? |
| HEARING OFFICER: | Did you see inmate DeJesus fighting? |
| OFFICER KIRKWOOD: | No |
| INMATE DEJESUS: | Did you see me, uh, creating a disturbance? |
| HEARING OFFICER: | Did you see inmate DeJesus creating a disturbance? |
| OFFICER KIRKWOOD: | No |
| INMATE DEJESUS: | Did you see me on violent conduct? |
| HEARING OFFICER: | Well, we don't need to go through every single charge.  I think we get the point.  Did you see inmate DeJesus conducting any type of violent behavior? |
| OFFICER KIRKWOOD: | (INAUDIBLE) No |
| HEARING OFFICER: | No |
| INMATE DEJESUS: | No further questions. |
| HEARING OFFICER: | Alright.  Thank you.  Goodbye. |
| INMATE DEJESUS: | I don't understand.  This, this, this is what I don't understand, Captain Chuttey, that |

81

|                      | Officer's right there where this suppose to be happening and... |
|----------------------|------------------------------------------------------------------|
| HEARING OFFICER:     | Well, it think that's what it says. I mean, I mean that's the, that's the whole I, that's what, that's what basically what the ticket says. |
| INMATE DEJESUS:      | If I'm standing at the line. |
| HEARING OFFICER:     | Yeah |
| INMATE DEJESUS:      | And you... |
| HEARING OFFICER:     | Otherwise if a Correction Officer saw what occurred, what Officer Gould has written, there would have been, they would have written the misbehavior report. |
| INMATE DEJESUS:      | But, but. I understand that but don't, don't that make sense if a Officer at his post and he can see all the inmates outside. Don't, don't, don't that make sense that it happened? |
| HEARING OFFICER:     | Well, I would hope that they would see things. |
| INMATE DEJESUS:      | Right |
| HEARING OFFICER:     | I mean, that's what they're here for. That's what we're paying them for. |

82

INMATE DEJESUS:          Right

HEARING OFFICER:         That don't mean that they see everything.
                         Um, we'd like that. Ultimately, that's what
                         we're looking for. Are we still calling
                         Officer Bishop?

INMATE DEJESUS:          Uh, yes.

HEARING OFFICER:         And we're calling, and Officer Grady.

INMATE DEJESUS:          Yes. Uh, Sergeant, uh, Grady?

HEARING OFFICER:         Officer Grady.

INMATE DEJESUS:          Grady is the, uh, Grady is the door, uh, he's
                         in the...

HEARING OFFICER:         (on phone)

                         Hey, this is Captain Chuttey again. Is Grady
                         over there too? Is he right there? Alright.
                         Can I, have him use the.... Okay. Hey, this
                         is Captain Chuttey, how ya doing? I want to
                         get some testimony from you. Uh, inmate
                         DeJesus has requested that you testify.
                         Alright? Ready? Okay.

                         Officer Grady can you hear me okay?

OFFICER GRADY:           Pardon

HEARING OFFICER:         Can you hear me okay?

OFFICER GRADY:           Yeah

83

**EXHIBIT  F**

Fundamental Fairness

"Documents Needed"

(1) + Directive ~~4932~~ "Rule Book" - GIVEN

(2) + Directive 4932          IS CHAPTER V

(3) + Chapter 5 ANNATION's

(4) + Copies of MAIN yard video's          GIVEN C-Block E-Blo ~~Copies~~ NO VIDEO OF INCIDEN

(5) + Copies of Gym entrance Post Log Book DATED 2-1-15 Appx and the NAMes of the officers CO (KIRKWOOD, GRADY) that was working that Post that DAY! & NAme of officers that was working in the E-Block Post tha DAY 2-1-15 Appx 1:45 pm.
GYM ENTRANCE DOES NOT HAVE A LOG BOOK

6 - TO - Froms Reports - GIVEN

7     copy - of the ongoing investigation Reports          NO ONGOING INVESTIGATION UL GIVE

8     Copys - of Memorandum Reports from the writer to another official such as the Watch Command Dep. Superintendent for security OR Hearing of          TO FROMS GIVEN

9     Copys - of C-Block Log Book DATED 2-5-15 ~~~~ NAME
2N RKNIGHT   of the officers Relievers that was working on
3RD SKELLY
14 & 11:00 (LANGTREE) C-14- & 17 Cum AT Approx 8:00 Am. & 9:00 A
ARCH GATE
CO FARMER and Approx 10:02 Report DATED 2-1-15 AND 2-10-15 REQUEST MUST RELATE TO MISBEHAVIOR REPORT.

"Library"

10     the Time & DATE: 2-5-15 · (2-1-15) Copies of the Book NAme I Took oUT and Time when I Took it oUT.

REPORTS DATED 2-1-15 AND 2-10-15 MUST RELATE TO MISBEHAVIOR REPORT.

ON 2-1-15 Took oUT BOOK: OSOGBO SPEAKING TO THE SPIRIT OF MISFORTUNE.

NO TIME

INMATES
(Cell's)              Witnesses

C-14-16   YES
C-14-17   YES
C-14-32 - Move to A-Block 2-5-2015 REFUSED
C-14-36 REFUSE

"officers"
1- officer R. Knight - Frisked cell C-14-18
2- officer Bishp - Witnesses the Frisked C-
3- officer M. Gould Report

INMATE

C-14-32 — Move to A-Block

INMATE - That was on C-14-32 DATED: 2-5

ask him what happen on 2-5-15 when he wa
celled in C-14-32 That he had came back from
the messhall what happen to his Radio? OR
what do he think happen was his Radio Took
and how he Believe it was Took?

Exhibit

## Interview Witnesses

**ASK** Inmate witnesses if they will Provide A written STATEMEN of their knowledge of the situation:

Cell

C-14-17 = Ask TO Please Provide A writte STATEMENT about the DATE 2-5-15 when officer knight, officer Bishp, and officer M. Gould came up To my cell and Frisked my cell and wha officer knighT STATED the Frishe was For? did officer knight STATED thn the Inmate C-14-32 Told them that I Took his Radio?

Cell

C-14-16 = was you in your cell the DAy Inmate DeJesus  Cell was Friske By officer knighT, officer Bishp and M. Gould on 2-5-15 and what officer knigh STATED TO Inmate Dejesus the Frisk was For and why did officer knig Told Dejesus that Inmate that locke in C-14-32 Told them that I Took hi Radio? Please write A STATEMENT on what he Witness and why the Frishe was Done! —

**EXHIBIT  G**

# AUBURN CORRECTIONAL FACILITY
## ASSISTANT FORM

MUST BE RETURNED BY: 2/18/15

**TO:** COg Smith, CO A Gulo, g Miller g CO. R. STANTON

**FROM:** **DISCIPLINARY OFFICE**

You have been selected to assist DeJesus R. DA0084 SH-I2 in a

pending Tier 3 for a misbehavior report dated 2/10/15.

Offender's Name | Din # | Location

Pursuant to Section 251-4.2 of Chapter V, your role is to ensure that the offender understands the charges, interview potential witnesses identified by the offender, and report the results of your efforts to the offender. You may also be requested to obtain relevant documentary evidence to assist in the preparation of the offender's defense to the charges.

## TO BE COMPLETED BY ASSISTANT:

I initially met with this offender on 2-12-15 at 1:30/PM.

He has requested the following offenders to be interviewed as potential witnesses:

| NAME | DIN # | LOCATION | AGREES TO TESTIFY |
| --- | --- | --- | --- |
| MOONEY | 06A3386 | E-3-11 | Yes ___ No ✓ — |
| MCEWEN | 09A3372 | C-14-32 MOVED TO E-BH  C-14-16 | Yes ✓ No ___ |
| BAYON | 09A1331 | C-14-17 | Yes ✓ No ___ |
| RAMSEY | 91B2334 | C-14-36 MOVED TO PC UNIT | Yes ___ No ✓ — |
|  |  |  | Yes ___ No ___ |

He has requested the following other persons to be interviewed as potential witnesses:

CO R. KNIGHT   CO Vanderwerth   CO Kirkward } 5164

CO P. BISHOP   CO Caughy — 2-3 Skips C+14-17 relief   CO Cordy

CO M. GOULD   CO Wright C Block lets in 14+17

5242

____ WANTS VIDEO:   YES/NO (IF YES, I HAVE FILLED OUT VIDEO REQUEST FORM)

____ REQUEST TO REVIEW URINALYSIS OPERATOR'S MANUAL:   YES/NO (IF YES, NOTIFY DISCIPLINARY LT. TO SCHEDULE REVIEW

| OTHER REQUESTS | ACTION TAKEN |
| --- | --- |
| ~~RULE BOOK~~ |  |
| RULE BOOK | GIVEN TO INMATE |
| CHAPTER V | " " " |
| MAIN YARD VIDEO | NO VIDEO |
| GYM ENTRANCE LOG BOOK | NO GYM ENTRANCE LOG BOOK |
| TO FROM'S | GIVEN TO INMATE |
| MI REPORT | " " " |

## TO BE COMPLETED AT CONCLUSION OF ASSISTANCE

I have interviewed witnesses and assisted as requested and reported the results to the offender charged. I have also attached copies of everything that was given to the offender for this assistance.

Assistant's Signature: R g co/STANTON   Date: 2/16/15   Time: 12:35

Offender Signature: X _____   Date: 2-16-15   Time: 12:45 pm

Offender Refused to Sign, Witnessed by:

**EXHIBIT  H**

FORM 2176 (07/02)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**

<u>**WITNESS INTERVIEW NOTICE**</u> (For Superintendent's & Disciplinary Hearings)

_____Auburn_____ Correctional Facility

DeJesus, R _____  12A0084

**Inmate Name** (Print)                    DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference: Directive #4932, Sections 253.5 and 254.5.

CO Kirkwood
**Requested witness:** _____

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 2/18/15 - 3/26/15   Explanation: Gave testimony via speaker phone while on duty due to staffing shortage

CO Farmer
**Requested witness:** _____

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 3/26/15   Explanation: Gave testimony via speaker phone while off duty. also through video conf. CO Farmer was at Auburn CF while inmate was in Southport.

CO Connelly
**Requested witness:** _____

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 3/28/15 - 3/26/15   Explanation: Gave testimony via speaker phone while off duty

**Signature** _____ Unable to Sign _____ 3/26/15

Hearing Officer                    Inmate                    DIN            Date Received

Distribution: Original - Hearing Record   Copy - Inmate

FORM 2176 (07/02)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_____ Auburn _____ Correctional Facility

DeJesus, R _____ 12A084
**Inmate Name (Print)**                                    DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference:  Directive #4932, Sections 253.5 and 254.5.

T/m McEwen 09A3372
**Requested witness:**
☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 2/18/15  Explanation: Testimony taken via Speaker
phone from General population for Security
concerns.
_____
_____
_____

***********************************************************************

T/m Bonyun 09A1331
**Requested witness:**
☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 2/18/15  Explanation: Testimony taken via Speaker phone
from general population for Security concerns
_____
_____
_____

***********************************************************************

CO Knight
**Requested witness:**
☐ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: 2/18/15 - 3/26/15 Explanation: Gave testimony via speaker phone
While on Duty due to Staff shortage
_____
_____
_____
_____

Signature _____ _____ Unable to Sign _____ _____ 3/26/15
           **Hearing Officer**          Inmate              DIN      Date Received

Distribution:  Original - Hearing Record    Copy - Inmate

FORM 2176 (07/02)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_____ Auburn _____ Correctional Facility

Inmate Name (Print) _Depersio, R_      DIN# _12A0084_

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference:  Directive #4932, Sections 253.5 and 254.5.

Requested witness: _C/o Bishop_

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _3/26/15_   Explanation: _gave testimony via video_
_call from Auburn C.F._
_____
_____
_____
_____

*************************************************************************************

Requested witness: _____

☐ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _____   Explanation: _____
_____
_____
_____
_____

*************************************************************************************

Requested witness: _____

☐ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _____   Explanation: _____
_____
_____
_____
_____

Signature _____   _Unable to Sign_ _____   _3/26/15_
        Hearing Officer                    Inmate                        DIN         Date Received

Distribution:  Original - Hearing Record    Copy - Inmate

FORM 2176 (07/02)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

**WITNESS INTERVIEW NOTICE** (For Superintendent's & Disciplinary Hearings)

_Auburn_ Correctional Facility

_DeJesus, R_ ___ _12A0084_
**Inmate Name** (Print)      DIN#

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference: Directive #4932, Sections 253.5 and 254.5.

_Confidential information_
**Requested witness:**

[X] Permission to call the requested witness is denied.
[X] Requested witness will testify outside inmate's presence.
[X] Inmate is not permitted to review requested witness's testimony.

Date: _3/8/15_   Explanation: _Took testimony with CO Gould in Confidence regarding this Confidential information and investigation._

*************************************************************************

_Video Conf._
**Requested witness:**

[ ] Permission to call the requested witness is denied.
[ ] Requested witness will testify outside inmate's presence.
[ ] Inmate is not permitted to review requested witness's testimony.

Date: _3/24/15_ Explanation: _last day of hearing was conducted via video conference @ 11 I/m Dejesus 12A0084 was in Scriptport CF and was transferred to Scriptport CF while hearing was still being conducted. I/m could view at staff during hearing and staff could view the inmate._

*************************************************************************

_CO T. McCarthy_
**Requested witness:**

[ ] Permission to call the requested witness is denied.
[X] Requested witness will testify outside inmate's presence.
[ ] Inmate is not permitted to review requested witness's testimony.

Date: _3/24/15_ Explanation: _gave testimony on video call from Auburn C.F._

**Signature** _[signature]_   _unable to sign_     _3/26/15_
     Hearing Officer        Inmate       DIN     Date Received

Distribution: Original - Hearing Record   Copy - Inmate

EXHIBIT I

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JOSEPH BELLNIER
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME: DEJESUS, ROBERTO                    NO. 12A0084

HEARING FACILITY: SOUTHPORT

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

MARCH 26, 2015,    HAS BEEN REVIEWED AND AFFIRMED ON JUNE 11, 2015.


D. VENETTOZZI
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES
    E. WATKINS PRICE, PLS ITHACA


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

**EXHIBIT J**

AUBURN GENER                              TAPE NUMBER 15-233 (4 tapes)

DIN: 12A0084 NAME: DEJESUS, ROBERTO          LOCATION: SH-UI-002

INCIDENT DATE & TIME:     02/01/15   01:45 PM   TIER 3
REPORT DATE:        02/10/15
REVIEW DATE:        02/10/15           BY:  LT   FASCE, J J

DELIVERY DATE & TIME:   2/11/15 10:15 m BY: CO E. Lupo

HEARING START DATE & TIME: 2/18/15 1:40 m BY: Cpt Clnty

HEARING END DATE & TIME:  3/26/15 10:40 Am BY: Cpt Clnty
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / (N)
DOES THIS MISCONDUCT MEET THE CRITERIA FOR WORKPLACE VIOLENCE? (Y)/ N
CHARGE
NUMBER       DESCRIPTION OF CHARGES          REPORTED BY         DISPOSITION

104.11   VIOLENT CONDUCT            CO   GOULD, M E         Guilty
------   --------------------------------   ----   --------------------

104.13   CREATING A DISTURBANCE                             Guilty
------   --------------------------------

100.10   ASSAULT ON INMATE                                 Guilty
------   --------------------------------

100.13   FIGHTING                                          Guilty
------   --------------------------------

113.10   WEAPON                                            Guilty
------   --------------------------------

102.10   THREATS                    CO   KNIGHT, R M        Guilty
------   --------------------------------   ----   --------------------


ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| Acor | SHu | 730 | 8/25/15 | 8/26/17 | 0 | 0 | |
| Econ | Packages | 730 | | | | | |
| Econ | Commissry | 730 | | | | | |
| Grcc | phones | 730 | | | | | |
| How | Goodtime | 365 | | | | | |



**EXHIBIT  K**

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

ANTHONY J. ANNUCCI                                JOSEPH BELLNIER
ACTING COMMISSIONER                               DEPUTY COMMISSIONER
                                                  CORRECTIONAL FACILITIES


REVIEW OF SUPERINTENDENT'S HEARING

NAME:  DEJESUS, ROBERTO                    NO.  12A0084

HEARING FACILITY:  SOUTHPORT


ON BEHALF OF THE COMMISSIONER, PLEASE BE ADVISED THAT YOUR

SUPERINTENDENT'S HEARING OF  MARCH 26, 2015,    HAS BEEN REVIEWED AND

ADMINISTRATIVELY REVERSED ON JANUARY 9, 2017.

COMMENCE AND COMPLETE REHEARING WITHIN 14 DAYS OF RECEIPT OF THIS
NOTICE.


                    A. RODRIGUEZ
                    ACTING DIRECTOR, SPECIAL HOUSING/
                    INMATE DISCIPLINARY PROGRAM


CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.



NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

ANTHONY J. ANNUCCI                          JOSEPH BELLNIER
ACTING COMMISSIONER                         DEPUTY COMMISSIONER
                                            CORRECTIONAL FACILITIES


M E M O R A N D U M

TO:     SUPERINTENDENT
        ATTICA CORRECTIONAL FACILITY

FROM:   A. RODRIGUEZ, ACTING DIRECTOR
        SPECIAL HOUSING/INMATE DISCIPLINE

DATE:   JANUARY 9, 2017

RE:     REVERSAL OF SUPERINTENDENT'S HEARING


INMATE/NUMBER              DATE OF HEARING          DATE OF INCIDENT

DEJESUS, ROBERTO           MARCH 26, 2015           FEBRUARY 1, 2015
#12A0084                   BY CHUTTY
                           @ SOUTHPORT C.F.


    THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS BEEN REVERSED AND A
REHEARING ORDERED ON JANUARY 9, 2017,    FOR THE FOLLOWING REASON(S):

        PER THE STATE OF NEW YORK SUPREME COURT, APPELLATE DIVISION THIRD
        JUDICIAL DEPARTMENT DATED DECEMBER 15, 2016 REHEARING THE
        MISBEHAVIOR REPORT WRITTEN BY C.O. M. GOULD. THE MISBEHAVIOR
        REPORT WRITTEN BY C.O. KNIGHT HAS BEEN UPHELD. REHEAR W/IN 14 DAYS

    PLEASE DO NOT HESITATE TO SHARE THIS INFORMATION WITH THE HEARING
OFFICER WHO CONDUCTED THE HEARING OR ANY OTHER APPROPRIATE STAFF MEMBER.

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050


ANTHONY J. ANNUCCI                          JOSEPH BELLNIER
ACTING COMMISSIONER                         DEPUTY COMMISSIONER
                                            CORRECTIONAL FACILITIES



        TO:   INMATE RECORDS COORDINATOR
              ATTICA CORRECTIONAL FACILITY

        FROM:  A. RODRIGUEZ, ACTING DIRECTOR
               SPECIAL HOUSING/INMATE DISCIPLINE

        DATE:  JANUARY 9, 2017

        RE:   EXPUNGEMENT OF RECORDS - REHEARING

        INMATE NAME:  DEJESUS, ROBERTO          NUMBER: 12A0084

        HEARING DATE: MARCH 26, 2015          CONDUCTED BY: CHUTTY
                                                  @SOUTHPORT C.F.

        THE ABOVE-NOTED SUPERINTENDENT'S HEARING WAS REVERSED ON
    JANUARY 9, 2017,    AND A REHEARING ORDERED. THE RECORDS RELATED TO THE
    REVERSED HEARING SHOULD BE EXPUNGED. HOWEVER, THE ORIGINAL MISBEHAVIOR
    REPORT AND OTHER DOCUMENTARY EVIDENCE WHICH MAY BE UTILIZED IN THE
    REHEARING DO NOT HAVE TO BE EXPUNGED.

        PLEASE OBTAIN ALL REQUIRED RECORDS WITHIN 14 DAYS OF RECEIPT OF THIS
    MEMORANDUM. AFTER ACCUMULATING SUCH RECORDS, PLEASE FORWARD THEM WITH A
    TRANSMITTAL MEMORANDUM IN ACCORDANCE WITH THE ESTABLISHED PROCEDURES.

    DO NOT SEND TAPES - RETAIN ON FILE AND MARK AS EXPUNGED.
    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        IF THE RECORDS ARE NOT AVAILABLE AT YOUR FACILITY, PLEASE ADVISE THIS
    OFFICE AS SOON AS POSSIBLE USING THE FOLLOWING SPACE.

    TO:   SPECIAL HOUSING/INMATE DISCIPLINARY PROGRAM UNIT
    FROM:
    DATE:
    REASON FOR INABILITY TO COMPLETE EXPUNGEMENT:_____
    _____
    _____


    COPY TO EXPUNGEMENT FILE
    CC: IRC, SOUTHPORT CF (TAPE)
        O. DEMUTH, AG/NYS

State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 15, 2016 522255
_____

In the Matter of ROBERTO
    DEJESUS,
                    Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., McCarthy, Rose, Mulvey and Aarons, JJ.

                    _____

        Robert Dejesus, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with assault
on an inmate, possessing a weapon, creating a disturbance and
fighting.  As he was being escorted to the special housing unit
following the issuance of the misbehavior report, he threatened
the escorting correction officers, resulting in him being charged
in a second misbehavior report with making threats.  At a
combined tier III disciplinary hearing on both reports,

-3-                         522255

determination of guilt with respect to the charges in the first misbehavior report must be annulled and the matter remitted for a new hearing (see Matter of Sorrentino v Fischer, 106 AD3d 1309, 1310 [2013], appeal dismissed 22 NY3d 1060 [2014]; Matter of Dickerson v Fischer, 105 AD3d 1232, 1232 [2013]).

Peters, P.J., McCarthy, Rose, Mulvey and Aarons, JJ., concur.


ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of assault on an inmate, possessing a weapon, creating a disturbance and fighting; petition granted to that extent and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

ROBERTO DeJesus 12A0084
ATTICA Corr facility
P.O. BOX 149
ATTICA   N.Y. 14011-0149

TO: Un
200
2 Ni
Buff

Legal Mail

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roberto DeJesus #12A6084

**DEFENDANTS**
Captain Chuttey, Donald Venettozzi

**(b)** County of Residence of First Listed Plaintiff  Wyoming
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Cayuga
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro-Se Prisoner

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☑ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☑ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
§ 1983

Brief description of cause: Wrongful Confinement in S.H.U.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150.00 A Day
For 18 months in S.H.U.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:

JUDGE

DOCKET NUMBER

DATE 6-12-17

SIGNATURE OF ATTORNEY OF RECORD
Robert DeJesus Pro-Se

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE