UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERTO DeJESUS,

                              Plaintiff,

v.                                                  9:18-CV-1479 (MAD/ML)

BRIAN CHUTTEY, formerly known as
Chutney; and DONALD VENETTOZZI,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

ROBERTO DeJESUS
  Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

LETITIA A. JAMES                          KATHLEEN M. KACZOR, ESQ.
Attorney General for the State of New York    MICHAEL G. McCARTIN, ESQ.
  Counsel for Defendants                     Assistant Attorney Generals
350 Main Street, Suite 300A
Buffalo, New York 14202


MIROSLAV LOVRIC, United States Magistrate Judge

# REPORT-RECOMMENDATION

This matter has been referred to me for a Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge. Currently before the Court, in this civil rights action filed by Roberto DeJesus ("Plaintiff") against Brian Chuttey and Donald Venettozzi (collectively "Defendants"), is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 23.) For the reasons set forth below, I recommend that Defendants' motion for summary judgment be granted.

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | RELEVANT BACKGROUND | 1 |
| | A. Plaintiff's Claims | 1 |
| | B. Statement of Undisputed Material Facts | 1 |
| | C. Parties' Briefing on Defendants' Motion for Summary Judgment | 4 |
| II. | RELEVANT LEGAL STANDARDS | 5 |
| | A. Standard Governing a Motion for Summary Judgment | 5 |
| | B. Standard Governing a Due Process Claim | 8 |
| III. | ANALYSIS | 9 |
| | A. Defendant Chuttey | 9 |
| | B. Defendant Venettozzi | 10 |

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint asserts a claim that Defendants violated his due process rights pursuant to the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. (Dkt. No. 1; Dkt. No. 7.) As relief, Plaintiff seeks (1) "[a] declaration that the acts and omissions . . . violated Plaintiff['s] [d]ue [p]rocess rights of the Fifth and Fourteenth Amendments," (2) "[c]ompensatory damages in the amount of $150.00 per day for each day that Plaintiff was wrongfully confined to special housing for the past eighteen months against each [D]efendant[]," (3) punitive damages in the amount of $100,000.00, and (4) costs and fees. (Dkt. No. 1 at 11; Dkt. No. 4.) The Court's Decision and Order dated September 5, 2018, thoroughly outlines Plaintiff's allegations and claims. (Dkt. No. 7.) Familiarity with the Complaint is assumed in this Report-Recommendation.

### B. Statement of Undisputed Material Facts

Unless otherwise noted, the following facts were asserted and supported by Defendants in their Rule 7.1 Statement and not denied by Plaintiff in a Rule 7.1 Response. (*Compare* Dkt. No. 23, Attach. 12 [Defs.' Rule 7.1 Statement], *with* Dkt. No. 28 [Pl.'s Response].)

1. Plaintiff Roberto DeJesus is an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), who was convicted of robbery and criminal impersonation of a police officer.[1]

---

[1] In the future, counsel is cautioned to comply with N.D.N.Y. L.R. 7.1(a)(3), which requires specific citations to the record. N.D.N.Y. L.R. 7.1(a)(3) ("Each fact listed shall set forth a specific citation to the record where the fact is established. . . . Each denial shall set forth a specific citation to the record where the factual issue arises."); *see Robert H. Law, Inc. v. Woodbine Bus. Park, Inc.*, 13-CV-1393, 2018 WL 851382, at *4, n.5 (N.D.N.Y. Feb. 12, 2018) (Suddaby, C.J.) ("the Court does not accept this as an undisputed fact . . . [because] [d]efendant cited generally to the entire affidavit of Derek Tarolli rather than to a specific portion of that

2. At all relevant times, Plaintiff was housed at Auburn Correctional Facility ("Auburn CF").

3. Defendant Brian Chuttey was a Captain at Auburn CF and he served as a Hearing Officer in Plaintiff's Tier III disciplinary hearing in February and March of 2015.[2]

4. Defendant Donald Venettozzi has been sued by Plaintiff because of his role in upholding Defendant Chuttey's guilty findings on administrative appeal related to that Tier III hearing.[3]

---

affidavit where its assertion is supported."); *Rizzo v. Health Research, Inc.*, 12-CV-1397, 2016 WL 632546, at *2 (N.D.N.Y. Feb. 16, 2016) ("Of these 136 denials, 117 denials do not contain a specific citation to the record. Therefore, the facts 'denied' by these paragraphs will be deemed admitted."); *Benson v. Otis Elevator Co.*, 10-CV-3246, 2012 WL 4044619, at *1, n.1 (S.D.N.Y. Sept. 13, 2012) (deeming fact asserted by movant to be admitted by non-movant where non-movant supported denial "only with non-specific citations to the entire testimony of several witnesses"); *Janneh v. Regal Entm't*, 07-CV-0079, 2009 WL 2922830, at *1, n.3 (N.D.N.Y. Sept. 8, 2009) (McAvoy, J.) ("In response . . . Janneh filed a 'Statement of Material Facts Not in Dispute.' . . . The document consists of . . . a phrase at the end of the document stating simply: 'See Attached Exhibits.' Janneh's statement fails to comply with the Local Rules which Janneh has repeatedly been advised about . . . ."); *Univ. Calvary Church v. City of New York*, 96-CV-4606, 2000 WL 1538019, at *2, n.6 (S.D.N.Y. Oct. 17, 2000) ("Despite the clear language of Rule 56 requiring specificity, Plaintiffs rarely offer[] an exact cite in support of their version of the facts. . . . [A] vague cite to all of the exhibits is simply unacceptable.").

[2]   In the future, counsel is cautioned that exhibits are only to be introduced by an affiant who possesses personal knowledge sufficient to admit the exhibit into evidence. *Martinea v. Newell*, 17-CV-0983, 2019 U.S. Dist. LEXIS 180800, at *4, n.4 (N.D.N.Y. Oct. 15, 2019) (Lovric, M.J.); *see Estate of D.B. v. Thousand Islands Cent. Sch. Dist.*, 15-CV-0484, 327 F. Supp. 3d 477, 485 n.2 (N.D.N.Y. 2018) (Suddaby, C.J.) (finding that denial of the ability to confirm an assertion of fact insufficient to create an issue of fact for trial where the denial is based on lack of personal knowledge). However, because Plaintiff admitted the fact, the Court will deem this fact admitted.

[3]   Plaintiff denies this fact but failed to provide any citation to the record to support his denial. *See N.Y. Teamsters v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005) (upholding grant of summary judgment where "[t]he district court, applying Rule 7.1[a][3] strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitted a responsive Rule 7.1[a][3] statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations"); *Archie Comic Publ'ns, Inc. v. DeCarlo*, 258 F. Supp. 2d 315, 319 (S.D.N.Y. 2003) (holding that "the facts set forth in [plaintiff's] statement are deemed established" where defendant denied assertions in

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, asserting that his Fifth Amendment and Fourteenth Amendment rights were violated because Defendant Chuttey did not independently interview two inmate witnesses who had refused to testify at his Tier III hearing.[4]

6. In his Tier III hearing that began on February 18, 2015, Plaintiff was accused of (a) assaulting another inmate with a weapon, and (b) threatening staff.

7. Plaintiff received legal assistance from a non-defendant corrections officer, C.O. Robert Stanton because he was keep-locked pending his Tier III hearing.

8. C.O. Stanton determined that two of the inmate witnesses that Plaintiff wished to call—inmate Patrick Mooney (06-A-3386) and inmate Michael Ramsey (91-B-2334)—did not want to testify.[5]

---

plaintiff's S.D.N.Y. Local Rule 56.1 statement but declined to provide record citations in support). However, Defendants' citation to Plaintiff's deposition was also improper. *See, supra*, note 1. Moreover, the Court did not locate any portion of Plaintiff's testimony that supported the assertion that Plaintiff is suing Defendant Venettozzi "only" because he upheld Defendant Chuttey's guilty findings on administrative appeal related to that Tier III hearing. Nonetheless, the parties appear to agree, and the record supports, that Plaintiff's claims against Defendant Venettozzi relate to his role in upholding Defendant Chuttey's guilty findings on administrative appeal.

[4] *See, supra*, notes 1 and 3. Moreover, the Court notes that Plaintiff testified as follows:

> Q: Okay. So, just to be clear, Captain Chuttey made an error in refusing to go out and independently interviewing Inmate Mooney and Inmate Ramsey and finding out why they wouldn't testify. That was his error, but other than that error there was no other error in the hearing, correct?
>
> A: Correct.

(Dkt. No. 23, Attach. 2 at 47-48.)

[5] *See, supra*, notes 1 and 3. The Court finds that there is evidence in the record to support this fact (Dkt. No. 23, Attach. 11 at ¶¶ 4-5) and Plaintiff failed to direct the Court to any portion of the record that rebuts C.O. Stanton's declaration, other than Plaintiff's own conclusory doubts.

3

9. As part of his legal assistance, C.O. Stanton memorialized an "Assistant Form" that was dated February 16, 2015, and signed by he and Plaintiff. On the "Assistant Form," next to "Agrees to Testify," C.O. Stanton checked "No" for both inmate Mooney and inmate Ramsey.

10. C.O. Stanton checked the "No" line because both inmates personally told him that they did not agree to testify at the Plaintiff's Tier III hearing.[6]

11. Before signing the Assistant Form, C.O. Stanton told Plaintiff that inmates Mooney and Ramsey did not agree to testify at his Tier III hearing. Then C.O Stanton had Plaintiff sign the Assistant Form indicating their refusal to testify.

12. At Plaintiff's Tier III hearing, Defendant Chuttey repeated, in Plaintiff's presence and for the record, that inmates Mooney and Ramsey refused to testify, and that therefore, they would not be called to testify at his Tier III hearing.

13. As hearing officer, Defendant Chuttey relied on C.O. Stanton's representations that he had checked with inmates Mooney and Ramsey and that they both refused to testify at the Plaintiff's Tier III hearing at issue in this lawsuit.[7]

### C. Parties' Briefing on Defendants' Motion for Summary Judgment

Generally, in support of their motion for summary judgment, Defendants assert the following two arguments: (1) the law is clear that, while a violation of state regulation, it was not a constitutional violation for Defendant Chuttey to fail to independently inquire why Inmates Mooney and Ramsey refused to testify at Plaintiff's Tier III disciplinary hearing, and (2) the claim against Defendant Venettozzi cannot stand independently when the claim against

---

[6] *See, supra*, notes 1, 3, and 5.

[7] *See, supra*, notes 1, 3, and 5.

Defendant Chuttney is dismissed. (*See generally* Dkt. No. 23, Attach. 13 [Defs.' Mem. of Law].)

Generally, in his opposition, Plaintiff asserts the following three arguments: (1) he is suing Defendant Venettozzi "under [s]upervisorial [l]iability[] for violations of constitutional dimension" because he did not correct the violations of his subordinates and instead affirmed the unconstitutional conduct on appeal; (2) *pro se* complaints are to be held to less stringent standards than formal pleadings and to the extent that his complaint is dismissed *sua sponte*, Plaintiff should be afforded an opportunity to amend it[8]; and (3) since Plaintiff "does not know if Inmates Mooney and Ramsey actually refused to testify" it is his position that "the documents relied upon by Chuttey were constitutionally irrational to render a proper determination" because (a) after Plaintiff again requested that inmates Mooney and Ramsey testify as witnesses in his second hearing, the misbehavior report was outright dismissed, (b) "[t]here was no entry in any logbook that C.O. Stanton even went to the galleries . . . to interview Inmate Mooney . . . or . . . Inmate Ramsey," and (c) the documentation submitted by Defendant Chuttey did not bear any signature by Inmate Mooney or Inmate Ramsey indicating their refusal to testify or a reason for their refusal.

## II. RELEVANT LEGAL STANDARDS

### A. Standard Governing a Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence

---

[8] The Court notes that Plaintiff's opposition incorrectly sets forth the standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a review of a *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2).

5

is such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[9] As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Anderson*, 477 U.S. at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a), (c), (e).

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that non-movant is proceeding *pro se*.[10] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to

---

[9] As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted). As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

[10] *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 2009) (Suddaby, J.) (citing cases).

properly respond to the motion for summary judgment.)[11] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[12]

Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement[13]–even when the non-movant was proceeding *pro se*.[14]

---

[11]     *Cusamano*, 604 F. Supp. 2d at 426 & n.3 (citing cases).

[12]     *Cusamano*, 604 F. Supp. 2d at 426-27 & n.4 (citing cases).

[13]     Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[14]     *Cusamano*, 604 F. Supp. 2d at 427 & n.6 (citing cases); *see also Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 371 (N.D.N.Y. 2003) (Hurd, J.) (holding that the Court is not required to "perform an independent review of the record to find proof of a factual dispute.").

## B. Standard Governing a Due Process Claim

To establish a procedural due process claim pursuant to 42 U.S.C. § 1983, a plaintiff must show that he (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).[15]

Although inmates retain their constitutional right to due process protections, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the fully panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Certain due process protections therefore apply where disciplinary proceedings may lead to the loss of good time credit or would subject an inmate to solitary confinement in the SHU. Inmates are entitled to advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and reasons for the action taken.

*Luna v. Pico*, 356 F.3d 481, 487 (2d Cir. 2004) (citations omitted). To pass muster under the Fourteenth Amendment, a hearing officer's disciplinary determination must also garner the support of at least "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Luna*, 356 F.3d at 487-88.

---

[15] Defendants do not seek dismissal of Plaintiff's due process claims on first ground. (*See generally* Dkt. No. 23, Attach. 13.) As a result, the Court will not address that issue. Instead, Defendants' argument is focused on whether Plaintiff was deprived of a liberty interest without being afforded sufficient process. (*Id.*)

## III.   ANALYSIS

After carefully considering the matter, I recommend granting Defendants' motion for summary judgment for the reasons stated in their memorandum of law.  (Dkt. No. 23, Attach. 13.)  To those reasons, I add the following analysis, which is intended to supplement but not supplant Defendants' reasons.

### A.   Defendant Chuttey

Plaintiff's due process claims center on his inability to call two witnesses at the disciplinary hearing, which began on February 18, 2015, presided over by Defendant Chuttey at Auburn CF.  (*See generally* Dkt. No. 1.)[16]  Although it is well-established that inmates are entitled to a reasonable opportunity to call witnesses, *see Luna*, 356 F.3d at 487, "this right is not unfettered . . . [and] may be limited for security reasons, to keep a hearing within reasonable limits, or on the basis of irrelevance of lack of necessity."  *Brooks v. Rock*, 11-CV-1171, 2014 WL 1292232, at *28 (N.D.N.Y. Mar. 28, 2014) (Sharpe, J.) (citations omitted).  "Clearly, if a witness will not testify if called, it cannot be a 'necessity' to call him. . . .  [Therefore,] if a prison official . . . reasonably concludes that it would be futile to call a witness to testify, his refusal to do so will not constitute a violation of the prisoner's constitutional rights."  *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993).

Further, "[t]here is no indication in [the] Second Circuit or Supreme Court case law that a hearing officer must make an independent evaluation of the basis for the refusal to testify." *Greene v. Coughlin*, 93-CV-2805, 1995 WL 60020, at *14 (S.D.N.Y. Feb. 10, 1995) (holding

---

[16]    Plaintiff conceded during his deposition (Dkt. No. 23, Attach. 3 at 47) and the New York State Third Department Appellate division previously ruled that the misbehavior "report, hearing testimony and confidential information provide[d] substantial evidence to support the determination of guilt." *Matter of DeJesus v. Venettozzi*, 145 A.D.3d 1275, 1276 (N.Y. App. Div. 3d Dep't 2016).

that a Tier III hearing officer does not violate a prisoner's due process rights when he fails to investigate the reasons for an inmate refusing to testify); *Jamison v. Fischer*, 11-CV-4697, 2013 WL 5231457, at *3 (S.D.N.Y. July 11, 2013) (same); *Dumpson v. Rourke*, 96-CV-0621, 1997 WL 610652, at *1 (N.D.N.Y. Sept 28, 2006) (Pooler, J.) (same). "While [the] failure to make such an independent evaluation violates state regulations, it does not violate the complaining prisoner's federal constitutional rights." *Abdur-Raheem v. Caffery*, 13-CV-6315, 2015 WL 667528, at *6 (S.D.N.Y. Feb. 17, 2015) (citing *Martinez v. Minogue*, 06-CV-0546, 2008 WL 4241746, at *5-6 (N.D.N.Y. Sept. 11, 2008) (Hurd, J.)).

As a result, I reject Plaintiff's argument that Defendant Chuttey violated his constitutional rights by failing to independently contact Inmate Mooney and Inmate Ramsey to determine why they would not testify.

"Moreover, although [P]laintiff indicates that [Defendant Chuttey] failed to provide him with [] witness refusal form[s for Inmate Mooney and Inmate Ramsey] and seems to suggest that such form must be provided to an inmate at his or her disciplinary hearing, the undersigned notes that a violation of DOCCS procedures or state procedural regulations regarding disciplinary hearings do not, alone, demonstrate a federal due process claim under § 1983." *Caimite v. Venettozzi*, 17-CV-0919, 2018 WL 6069458, at *5 (N.D.N.Y. Oct. 29, 2018) (Hummel, M.J.) (citation omitted), *adopted* 2018 LW 6068414 (N.D.N.Y. Nov. 20, 2019) (Sharpe, J.).

For all of these reasons, I recommend granting Defendants' motion for summary judgment with respect to Defendant Chuttey.

### B.     Defendant Venettozzi

It is well-established that a defendant cannot be liable pursuant to 42 U.S.C. § 1983 solely by virtue of being a supervisor, "'and [liability] cannot rest on respondeat superior.'"

*Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003)). To establish responsibility on the part of a supervisory official for a civil rights violation, a plaintiff must demonstrate that the individual (1) directly participated in the challenged conduct; (2) after learning of the violation through a report or appeal, failed to remedy the wrong; (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in managing the subordinates who caused the unlawful event; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[17]

Where no reasonable factfinder could conclude that a constitutional violation occurred, there was no wrong for the supervisor to remedy, and no supervisor liability can exist as to the supervisor. *Barns v. Annucci*, 15-CV-0777, 2019 WL 1387460, at *15 (N.D.N.Y. Mar. 12, 2019) (Peebles, M.J.) ("Likewise, I have concluded that no reasonable factfinder could conclude that plaintiff's due process rights were violated. *See* Point III.C, *supra*. As a result, because no constitutional violation occurred, and there was no wrong to remedy, no supervisor liability can exist against defendant Venettozzi."), *adopted* 2019 WL 1385297 (N.D.N.Y. Mar. 27, 2019) (Sharpe, J.).

---

[17] Subsequent to issuance of the Second Circuit's decision in *Colon*, the Supreme Court addressed the question of supervisory liability in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although the issue has been discussed, the Second Circuit has declined to squarely address the impact of *Iqbal* upon the categories of supervisory liability addressed in *Colon*. *See, e.g., Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) ("We express no view on the extent to which [*Iqbal*] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citation and internal quotation marks omitted)); *see also Reynolds v. Barrett*, 685 F.3d 193, 206 n.14 (2d Cir. 2012) ("*Iqbal* has, of course, engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in [*Colon*,] ... [b]ut the fate of *Colon* is not properly before us[.]").

Since I find that Defendant Chuttey did not violate Plaintiff's constitutional rights, I correspondingly recommend granting Defendants' motion for summary judgment with respect to Defendant Venettozzi.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 23) be **<u>GRANTED</u>**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[18]

Dated: January 23, 2020
      Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[18] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).