UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERTO DEJESUS,

                              Plaintiff,

   vs.                                         9:18-CV-1479
                                                    (MAD/ML)
BRIAN CHUTTEY, *formerly known as Chutney*; and
DONALD VENETTOZZI,

                              Defendants.
_____

APPEARANCES:                                OF COUNSEL:

ROBERTO DEJESUS
**12-A-0084**
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

OFFICE OF THE NEW YORK           MICHAEL G. MCCARTIN, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

       In a complaint dated September 19, 2017, Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), asserts a claim brought pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his due process rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. *See* Dkt. No. 1. At all relevant times, Plaintiff was housed at Auburn Correctional Facility ("Auburn C.F."). *See* Dkt. No. 23-12 at ¶ 2. Defendant Brian Chuttey was a Captain at Auburn C.F. and he served as the Hearing Officer at Plaintiff's Tier III disciplinary hearing in February and March of 2015.

*See id.* at ¶ 3. Defendant Donald Venettozzi has been sued by Plaintiff because of his role in upholding Defendant's guilty findings on administrative appeal related to that Tier III hearing. *See id.* at ¶ 4. Plaintiff claims that his due process rights were violated because Defendant Chuttey did not independently interview two inmate witnesses who had refused to testify at his Tier III hearing. *See id.* at ¶ 5.

Since Plaintiff was keep-locked pending his Tier III hearing, Plaintiff received legal assistance from a non-defendant corrections officer, C.O. Robert Stanton. *See id.* at ¶ 7. C.O. Stanton determined that two of the inmate witnesses that Plaintiff wished to call did not want to testify. *See id.* at ¶ 8. Therefore, next to "Agrees to Testify" on the Assistant Form, C.O. Stanton checked the "No" line for both of these inmates. *See id.* at ¶ 9. Before signing the Assistant Form, C.O. Stanton told Plaintiff that both inmates refused to testify at his Tier III hearing. *See id.* at ¶ 11. C.O. Stanton then had Plaintiff sign the form indicating their refusal to testify. *See id.*

At Plaintiff's Tier III hearing, Defendant Chuttey repeated, in Plaintiff's presence and for the record, that the two inmates refused to testify and that, therefore, they would not be called to testify. *See id.* at ¶ 12. As hearing officer, Defendant Chuttey relied on C.O. Stanton's representations that he had checked with the two inmates and that they had both refused to testify at Plaintiff's Tier III hearing. *See id.* at ¶ 13.

On July 3, 2019, Defendants moved for summary judgment. *See* Dkt. No. 23. In their motion, Defendants raise the following two arguments: (1) the law is clear that, while a violation of state regulation, it was not a constitutional violation for Defendant Chuttey to fail to independently inquire why the inmates refused to testify at Plaintiff's Tier III hearing; and (2) the claim against Defendant Venettozzi cannot stand independently when the claim against Defendant Chuttey is dismissed. *See* Dkt. No. 23-13 at 4-8. In a Report-Recommendation dated January 24,

2020, Magistrate Judge Lovric recommended that the Court grant Defendants' motion for summary judgment. *See* Dkt. No. 30. Specifically, Magistrate Judge Lovric initially found that the claim against Defendant Chuttey must be dismissed because the case law makes clear that there is no requirement that a hearing officer must make an independent evaluation when an inmate witness refuses to testify. *See id.* at 12-13. Magistrate Judge Lovric found that while the failure to make an independent evaluation does violate state regulations, it does not amount to a violation of a prisoner's federal constitutional rights. *See id.* (citing cases). As to Defendant Venettozzi, having found that no reasonable factfinder could conclude that a constitutional violation occurred, there was no wrong for Defendant Venettozzi to remedy. *See id.* at 14.

Currently before the Court is Magistrate Judge Lovric's Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and, based on the undisputed facts, judgment for the movant is warranted as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court

"cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,'

4

completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

The Fourteenth Amendment to the Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. "Although prison inmates necessarily have their liberty severely curtailed while incarcerated, they are nevertheless entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations such as loss of good-time credit or special confinement that imposes an atypical hardship." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citations omitted). These procedural protections include advance written notice of the charges, a fair and impartial hearing officer, a hearing that affords the inmate the opportunity to call witnesses and present documentary evidence, and a written statement of the evidence upon which the hearing officer relied in making his determination. *See id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)) (other citation omitted). Additionally, the hearing officer's findings must be supported by "some" "reliable evidence." *Id*. (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)) (other citation omitted).

Although it is well established that inmates are entitled to a reasonable opportunity to call witnesses, "this right is not unfettered ... [and] may be limited for security reasons, to keep a hearing within reasonable limits, or on the basis of irrelevance or lack of necessity." *Brooks v. Rock*, No. 11-cv-1171, 2014 WL 1292232, *28 (N.D.N.Y. Mar. 28, 2014) (citing *Alicea v. Howell*, 387 F. Supp. 2d 227, 234 (W.D.N.Y. 2005)) (other citation omitted); *see also Ponte v. Real*, 471 U.S. 491, 495 (1985). "Clearly, if a witness will not testify if called, it cannot be a 'necessity' to call him. [As such,] if a prison official, presiding over a prison disciplinary hearing,

reasonably concludes that it would be futile to call a witness to testify, his refusal to do so will not constitute a violation of the prisoner's constitutional rights." *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993).

In the present matter, Magistrate Judge Lovric correctly determined that Defendant Chuttey was under no obligation to call to the Tier III hearing the two inmates Plaintiff requested, who refused to testify. Further, Magistrate Judge Lovric also correctly determined that, while the failure of Defendant Chuttey to make an independent evaluation of the requested inmate-witnesses violated state regulations, it did not violate Plaintiff's federal constitutional rights. *See Abdur-Raheem v. Caffery*, No. 13-cv-6315, 2015 WL 667528, *6 (S.D.N.Y. Feb. 17, 2015) (citation omitted); *see also Martinez v. Minogue*, No. 06-cv-546, 2008 WL 4241746, *5-6 (N.D.N.Y. Sept. 11, 2008); *Hill v. Selsky*, 487 F. Supp. 2d 340, 348 (W.D.N.Y. 2007) ("Having been told that the inmates were refusing to testify, [the hearing officer] could reasonably have concluded that it would have been futile to call them, and his failure to do so or to go to their cells and interview them themself did not give rise to a constitutional violation, regardless of whether [the hearing officer and the plaintiff ] had been given signed refusal forms from those inmates") (citation omitted). Accordingly, the Court finds that Magistrate Judge Lovric correctly recommended granting the motion for summary judgment as to Defendant Chuttey.

Additionally, having determined that no reasonable factfinder could conclude that a constitutional violation has occurred, there was no wrong to remedy, and no supervisory liability can exist against Defendant Venettozzi. *See Barns v. Annucci*, No. 15-cv-777, 2019 WL 1387460, *15 (N.D.N.Y. Mar. 12, 2019) (citing cases). As such, Magistrate Judge Lovric correctly determined that the Court should grant Defendants' motion for summary judgment and dismiss this case.

In his objections to the Report-Recommendation, Plaintiff repeats the arguments he made in his opposition to the motion for summary judgment. For example, Plaintiff contends that in *Fox v. Coughlin*, 893 F.2d 475 (2d Cir. 1990), the Second Circuit held "'that prison authorities may not refuse to interview an inmate's requested witnesses without assigning a valid reason.'" Dkt. No. 39 at 7. Here, however, Defendant Chuttey relied on C.O. Stanton's representation that Plaintiff's requested witnesses refused to testify, which he was permitted to do. *See Hill*, 487 F. Supp. 2d at 348. The undisputed facts make clear that C.O. Stanton was able to obtain the testimony of two of the four inmate witnesses that Plaintiff requested. Plaintiff's conclusory allegations that C.O. Stanton refused to question the two inmates who refused to testify is insufficient to defeat Defendants' motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's January 24, 2020 Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 23) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 23, 2020
Albany, New York

Mae A. D'Agostino
U.S. District Judge